

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-11-2008

# Hakeem v. Salaam

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2114

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hakeem v. Salaam" (2008). *2008 Decisions*. Paper 1760.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1760

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-47                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2114
_____

ALI ABDUL HAKEEM,
                                        Appellant

v.

DR. AHMED SALAAM; WILLIAM BOLGER; CAPTAIN EY;
WARDEN ROMINE; EVANGELICAL HOSPITAL; UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 03-cv-00098)
District Judge:  Honorable Thomas I. Vanaskie
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 8, 2007

Before:  MCKEE, RENDELL AND SMITH, <u>CIRCUIT JUDGES</u>.

(Opinion filed January 11, 2008)
_____

OPINION
_____

PER CURIAM

        Ali Abdul Hakeem, a federal prisoner proceeding pro se, appeals from the District

Court's order granting the appellees' motions for summary judgment and denying his

request for a court-appointed expert witness.  For the reasons set forth below, we will

summarily affirm the District Court's order.  <u>See</u> I.O.P. 10.6.

I.

In 2001, Hakeem was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg").  On March 21, 2001, he was diagnosed with gynecomastia and admitted to Evangelical Community Hospital ("Evangelical") for subcutaneous mastectomy surgery.  As part of the anesthesia for the surgical procedure, an endotracheal tube was inserted into Hakeem's throat.  After returning to USP-Lewisburg, Hakeem complained of pain in this throat.  Over the course of the following four months, several prison healthcare providers including Dr. Ahmed Salaam and Physician's Assistant ("P.A.") William Bolger, treated Hakeem for the pain in his throat and other complaints.

On January 14, 2003, Hakeem filed a complaint in the United States District Court for the Middle District of Pennsylvania alleging that he was denied adequate medical treatment for his throat condition.  Hakeem named as defendants the United States, USP-Lewisburg Warden Romine, USP-Lewisburg Captain Ey, Dr. Salaam, P.A. Bolger (the "federal defendants"), and Evangelical.  In the complaint, Hakeem alleged that Evangelical was negligent in inserting the tracheal tube during surgery, and that the federal defendants were negligent and deliberately indifferent in their treatment following Hakeem's surgery.  Hakeem sought damages under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. § 2671, <u>et</u> <u>seq.</u> (the "FTCA").

2

Evangelical responded to Hakeem's complaint by moving for dismissal from the action, and the federal defendants moved for summary judgment. By order entered September 30, 2004, the District Court dismissed the <u>Bivens</u> and FTCA claims as to Evangelical, and dismissed Warden Romine and Captain Ey from the suit. The court found, however, that it was inappropriate to dismiss Hakeem's remaining claims prior to discovery. Accordingly, the negligence claims against Evangelical and the United States remained, as did the deliberate indifference claims against Dr. Salaam and P.A. Bolger.

Approximately one year later, Evangelical and the federal defendants filed motions for summary judgment. In response, Hakeem filed a motion for appointment of a medical expert. On July 18, 2006, a Magistrate Judge issued a report recommending that Evangelical's motion be granted but that the federal defendants' motion be denied. The Magistrate Judge further recommended that Hakeem's motion be denied. The federal defendants and Hakeem filed objections and, by order entered March 13, 2007, the District Court sustained the federal defendants' objections, overruled Hakeem's objections, and entered summary judgment in favor of the defendants. The present appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and review a District Court's grant of summary judgment de novo. <u>Pennsylvania Coal Ass'n v.</u>

3

Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). Summary judgment is proper only if it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Carrasca v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002). If a motion for summary judgment demonstrates that no genuine issue of material fact exists, the nonmoving party must set forth specific facts showing a genuine material issue for trial and may not rest upon the mere allegations or denials of its pleadings. Connors v. Fawn Mining Corp., 30 F.3d 483, 489 (3d Cir. 1994).

III.

A.      Evangelical's Motion for Summary Judgment

The District Court properly concluded that there was an insufficient evidentiary basis on which a reasonable jury could find in Hakeem's favor on his negligence claim against Evangelical. In order to establish medical malpractice under Pennsylvania law, a plaintiff must present an expert witness who will testify, to a reasonable degree of medical certainty, that the acts of the physician deviated from accepted medical standards, and that such deviation was the proximate cause of the harm suffered. Mitzelfelt v. Kamrin, 584 A.2d 888, 891 (Pa. 1990). The only instance in which expert testimony is not required is when the matter is so simple or the lack of care so obvious as to be within the range of experience and comprehension of non-professional persons. Hightower-Warren v. Silk, 698 A.2d 52, 54 n.1 (Pa. 1997).

In this case, the District Court correctly found that the procedure for proper insertion of an endotracheal tube is not within the knowledge of the average lay juror.

4

See id. Therefore, in order to survive summary judgment, Hakeem was required to present a medical expert who would opine at trial that the Evangelical medical staff deviated from acceptable medical standards when inserting the endotracheal tube. See id. Hakeem failed to do so. Further, although Hakeem argued that he could have supported his claim had the court granted his request for an expert witness, the District Court acted within its discretion in denying the request. See Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987). Without a medical expert, Hakeem could not create a genuine issue for trial on this claim. Therefore, we conclude that summary judgment was proper. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

B.     The Federal Defendants' Motion for Summary Judgment

1.     Eighth Amendment Obligation to Provide Adequate Medical Care

Hakeem was also unable to meet his burden on his Eighth Amendment claim against Dr. Salaam and P.A. Bolger. In the complaint, Hakeem alleged that Dr. Salaam and P.A. Bolger completely ignored his complaints of pain in his throat. In order to prevail on these claims, Hakeem must show that these healthcare providers were deliberately indifferent to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference requires a sufficiently culpable state of mind, such as "reckless[] disregard[]" to a substantial risk of serious harm to a prisoner. See Farmer v. Brennan, 511 U.S. 825, 834, 836 (1994). Allegations of negligent treatment are medical malpractice claims, and do not trigger constitutional protections. Estelle, 429 U.S. at 105-06.

5

The District Court correctly concluded that Hakeem failed to offer any evidence to support his allegations of deliberate indifference. Although Hakeem claims that his repeated complaints of throat pain went completely ignored, he cannot rest upon mere unsupported allegations when faced with a motion for summary judgment. See Connors, 30 F.3d at 489. Furthermore, the prison's medical records indicate that when Hakeem complained of throat pain, he was prescribed Tylenol with Codeine, examined by the prison dentist, and referred to an Ear, Nose, and Throat ("ENT") specialist who treated him for laryngitis and hoarseness with a reflux component. As the District Court explained in its opinion below, there is no evidence that Dr. Salaam or P.A. Bolger purposefully ignored Hakeem's complaints of throat pain, or that his pain reflected a serious medical condition. See Estelle, 429 U.S. at 104. Therefore, the District Court correctly concluded that Dr. Salaam and P.A. Bolger were entitled to summary judgment on Hakeem's Eighth Amendment claims against them.

### 2.    The FTCA Negligence Claim

Next, we address Hakeem's negligence claim against the United States under the FTCA.[1] In assessing a claim under the FTCA, we apply the law of the state in which the

---

[1] The FTCA waives the sovereign immunity of the United States for torts of federal employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

6

act or omission occurred.  See Gould Elecs. Inc. v. United States, 220 F.3d 169, 179 (3d Cir. 2000).  As discussed above, a plaintiff alleging medical malpractice under Pennsylvania law will ordinarily be required to present an expert witness.  Mitzelfelt, 584 A.2d at 891.  Therefore, we agree with the District Court that, in order to survive summary judgment, Hakeem had to produce expert opinion supporting his allegations of negligence.  The prison's medical records indicate that Hakeem was examined by medical staff nearly 20 times in the four months following his surgery, and that his throat pain was treated on several of these occasions.  Absent expert opinion that the prison's treatment deviated from acceptable medical standards, a reasonable fact-finder could not conclude that the prison acted negligently.  See Farmer, 511 U.S. at 836.

C.      Motion for Appointment of a Medical Expert

Finally, we conclude that the District Court did not err in denying Hakeem's motion for appointment of a medical expert.  In Boring v. Kozakiewicz, we held that there is no statutory authority for payment of expert witness fees in civil suits for damages.  See 833 F.2d at 474.  In that case, we explained:

> The plaintiffs' dilemma in being unable to proceed in this damage
> suit because of the inability to pay for expert witnesses does not
> differ from that of nonprisoner claimants who face similar problems.
> Nonprisoners often resolve that difficulty through contingent fee retainers
> with provisions for arranging expert testimony.  By seeking government
> funding in this case, plaintiffs are in effect asking for better treatment than
> their fellow-citizens who have not been incarcerated but who have at least
> equal claims for damages.

Id.  Accordingly, we find no error in the District Court's decision to deny Hakeem's

7

request for an expert.

For the foregoing reasons, we conclude that the District Court properly entered summary judgment against Hakeem on all of his claims. As there is no substantial question presented by this appeal, we will summarily affirm. See Third Cir. LAR 27.4; I.O.P. 10.6. In light of our disposition, Hakeem's motion for appointment of counsel is denied as moot.